1  Omel A. Nieves, Esq., SBN 134444
      nieves@huntortmann.com
2  Marian K. Selvaggio, Esq., SBN 224072
      selvaggio@huntortmann.com
3  HUNT ORTMANN PALFFY NIEVES
   LUBKA DARLING & MAH, INC.
4  301 North Lake Avenue, 7th Floor
   Pasadena, California  91101-1807
5  Phone: (626) 440-5200    Fax: (626) 796-0107

6  Attorneys for Plaintiff Pink Transfer, Inc.

7  Gregory J. Goodhart
      mgoodlaw@aol.com
8  GOODHEART & GOODHEART
   22736 Vanowen Street, #303
9  West Hills, CA 91307
   Phone: (818) 992-4463    Fax (818) 992-7629

10
   Attorney for Defendants
11 Laprom, Inc., a California corporation, Eduard
   Karabet dba Laprom Moving, Joel Burlin dba
12 Laprom, Pink Moving, Inc., a California
   corporation; Laprom Moving and Storage dba
13 Pink Moving, Eduard Karabet dba Pink Moving



FILED
CLERK, U.S. DISTRICT COURT
MAY 16 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

14            UNITED STATES DISTRICT COURT

15     CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

16

17 PINK TRANSFER, INC., a California         CASE NO. 2:11-CV-01280 CBM (VBKx)
   corporation,                             [Assigned to District Judge Consuelo B.
18                                           Marshall and Discovery Magistrate Judge
                Plaintiff,                   Victor B. Kenton]
19
            vs.
20                                           ~~[PROPOSED]~~ ORDER FOR
   LAPROM, INC., a California corporation;   PROTECTIVE ORDER
21 EDUARD KARABET dba LAPROM
   MOVING; JOEL BURLIN dba LAPROM;
22 PINK MOVING, INC. a California
   corporation; LAPROM MOVING AND
23 STORAGE dba PINK MOVING; EDUARD
   KARABET dba PINK MOVING and; DOES
24 1 THROUGH 10, INCLUSIVE,

25              Defendants.

26

27      The parties, by and through their respective attorneys of record, hereby make the following

28 discovery stipulation:

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

WHEREAS, the parties wish to expedite and facilitate the production of documents in this matter, including sensitive, proprietary and private information;

WHEREAS, it is the stated intent of the parties to protect certain confidential documents and information being produced in this action by Pink Transfer, Inc., ("Plaintiff") and as Laprom, Inc., a California corporation, Eduard Karabet dba Laprom Moving, Joel Burlin dba Laprom, Pink Moving, Inc., a California corporation; Laprom Moving and Storage dba Pink Moving, Eduard Karabet dba Pink Moving,("Defendants"). The confidential documents and information produced will be deemed to be Confidential and be restricted from being used for any purpose other than in the current litigation and also to prevent documents and any other information from being reviewed or disclosed to persons not authorized under this Stipulation for Protective Order (hereinafter the "Order"). Any interpretation of this Order to the contrary is rejected by the parties.

THEREFORE, it is hereby stipulated and agreed to, by and between the parties through their respective counsel, and subject to the approval of this Court, that the following Order be entered in this matter:

1.      When used in this Order, the following words shall have the following meanings:

     (a)      "Documents" means (1) all written, recorded or graphic matter whatsoever, including information produced on computer disks or tapes and (2) any copies, reproductions or summaries of the foregoing, including microfilmed, imaged or electronic copies produced by Respondents in response to the Document Demand.

     (b)      "Discovery Materials" means (1) Documents or other information produced by Respondents to the Document Demand.

     (c)      "Producing Party" shall refer to the party herein producing confidential documents and/or information.

     (d)      "Disclose" (and any variant thereof) means to show, give, make available, reproduce or communicate any Discovery Materials, or any part or content thereof.

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

(e) "Confidential Discovery Materials" means any and all Documents produced by the producing party marked as confidential.

(f) "Attorneys of Record" mean attorneys of record for any of the parties to this action and members of the firm of the attorneys of record for the parties and in-house attorneys who are employed by one or more of the parties.

2. All Confidential Discovery Materials produced by the Producing Party in this matter shall be used solely for the purposes of this litigation. Except by order of the Court, Confidential Discovery Materials shall not be used by any party, person, or entity other than the Producing Party for any other purpose, including, without limitation, any business or commercial purpose.

3. Confidential Discovery Materials shall not be Disclosed to any person or entity except in accordance with the terms, conditions, and restrictions of this Order.

4. Subject to the terms, conditions, and restrictions of this Order, Confidential Discovery Materials may be Disclosed only to the following persons and only to the extent such persons have a legitimate need to know the particular Confidential Discovery Materials Disclosed to them:

(a) Persons employed by the Court or the arbitrator in connection with the handling of this action;

(b) Attorneys of Record;

(c) Employees of the Attorneys of Record working under the direct supervision of such Attorneys of Record;

(d) Current employees, officers, partners or directors, representatives and agents of the parties, including current employees, officers, partners or directors of the parties, parties and their insurers and reinsurers;

(e) Outside experts or consultants, to the extent Attorneys of Record determine that such Disclosure is required to assist in the prosecution, defense or resolution of this action on a need-to-know basis, provided the Attorney of Record must obtain such expert's or consultant's agreement to the Non-

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

1    Disclosure Agreement described in paragraph six (6) below;

2    (f)    Former employees, officers, partners or directors of the parties and potential

3    witnesses, deponents or witnesses;

4    (g)    Certified shorthand reporters and videotape operators for the purposes of

5    recording the testimony of deposition witnesses and preparing a written or

6    videotaped record of testimony;

7    (h)    Independent copying services, independent computer consulting and

8    support services, independent translators, independent exhibit makers, and

9    other independent litigation support services retained for purposes of this

10    litigation;

11    (i)    Any person who is the author or addressee of any Document or a person

12    who, as a matter of record, has actually received any Document designated

13    as Confidential other than through discovery or through attorney-client

14    communications relating to litigation or legal advice; and

15    (j)    Any other person who is designated by written stipulation of the parties to

16    have access to Confidential Discovery Materials, or by order of the Court or

17    arbitrator after notice to all parties upon a showing of good cause why such

18    person shall be so designated and opposing parties have had an opportunity

19    to be heard in opposition thereto.

20    5.    Before Disclosing any Confidential Discovery Materials to any person specified in

21    paragraphs 4(e), (f), (h), and (j) above, discovering counsel shall advise said persons of this Order

22    and said person must agree in writing to the Non-Disclosure Agreement attached hereto as

23    Exhibit "1", which states that such persons agree (1) to be bound by the terms hereof, (2) to

24    maintain and receive Confidential Discovery Materials in confidence, and (3) not to Disclose the

25    received Confidential Discovery Materials to anyone other than in accordance with the terms of

26    this Order. All deposition witnesses to whom Confidential Discovery Materials are Disclosed at

27    deposition are hereby ordered (1) to maintain the received Confidential Discovery Materials in

28    confidence and (2) not to Disclose the received Confidential Discovery Materials to anyone other

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

1    than in accordance with the terms of this Order. Each party shall maintain a file containing such

2    certifications and, upon request, forward those certifications to the Producing Party within

3    fourteen (14) days of such request, except outside experts or consultants.

4         6.       Discovery Materials Disclosed at a deposition may be designated by a party as

5    Confidential by indicating on the record at the deposition that the specific part of the testimony

6    and/or any exhibits marked for identification are Confidential and are subject to the provisions of

7    the Order. In such situations, the questions and answers designated as Confidential may be

8    transcribed separately from the remainder of the deposition. A party may designate Discovery

9    Materials Disclosed at such depositions as Confidential by notifying all parties in writing, within

10   thirty (30) days of receipt of the transcript by the Attorneys of Record for the designating party, of

11   the specific pages and lines of the transcript which contain Confidential Discovery Materials. Each

12   party shall attach a copy of such written statement to the face of the transcript and each copy

13   thereof in his or her possession, custody or control. During such thirty (30) day period, all

14   Discovery Materials shall be treated as Confidential.

15        7.       This Court will control the filing and lodging under seal of all Confidential

16   Discovery Materials.

17        8.       Any party seeking to file or lodge with the Court Confidential Discovery Materials

18   must seek leave of the Court to file the Confidential Discovery Material under seal.

19        9.       By making the Confidential Discovery Materials available during the course of this

20   litigation, the Producing Party does not waive any trade secret or other confidential protection that

21   might otherwise be afforded those materials. Furthermore, by designating any Discovery Materials

22   "Confidential," the parties do not acknowledge that any such Discovery Materials are relevant or

23   discoverable in this action. This Order shall not constitute a waiver of any right to seek discovery

24   of or, alternatively, to resist discovery of any materials in this action.

25        10.      If a party receiving Confidential Discovery Materials desires to Disclose any part

26   of them in any manner not in accordance with the terms of this Order, the party seeking to make

27   such Disclosure shall obtain the written agreement of the Producing Party to so proceed or, in the

28   absence of such agreement, shall seek the approval of the Court by way of a motion filed with the

1 Court.

2       11.     This Order is without prejudice to any party's right to assert the attorney-client,

3 work-product, or other privileges or doctrines, or to any party's right to contest the designation of

4 Confidential Discovery Materials. However, a party wishing to contest the designation of any

5 particular Discovery Materials as being Confidential must move the Court for an order to that

6 effect no later than ninety (15) days before trial or hearing. The party challenging the designation

7 of any such Discovery Material bears the burden of identifying with specificity (i.e. bates number,

8 author, recipient, date, document title, etc.) the challenged materials. The designating party shall

9 have the burden of proof as to the restricted nature of any designated Confidential Discovery

10 Materials. Any designated Confidential or Discovery Materials shall remain as such under the

11 terms of this Order until the Court makes a determination otherwise.

12       12.     Nothing in this Order restricts the Producing Party with respect to any Documents

13 produced by such party.

14       13.     All Discovery Materials provided by nonparties may be made, by separate written

15 agreement, specifically subject to the terms of this Order. Such nonparties and/or the parties may

16 designate Discovery Materials as Confidential in accordance with this Order. Any designation by

17 such nonparties shall have the same force and effect as if made pursuant to the terms of this Order.

18 The provisions of paragraph sixteen (16) relating to a challenge on the assertion of Confidential

19 status shall apply to Discovery Materials designated Confidential by nonparties.

20       14.     At the conclusion of this litigation, including any appeals from any judgment or

21 order entered by the Court and any retrial, at the request of the Producing Party, the receiving

22 party shall forward all executed Non-Disclosure Agreements to the Producing Party within sixty

23 (60) days and, at its option, within sixty (60) days either: (1) destroy all received Confidential

24 Discovery Materials by such party and shall certify in writing that such destruction has occurred;

25 or (2) return all received Confidential Discovery Materials to the Producing Party and certify in

26 writing that all such Discovery Materials have been returned. If the Producing Party is not notified

27 of which option the discovering party has chosen, it will be presumed that option (1) was chosen.

28 Upon written request of the Producing Party, the discovering party shall confirm that one of the

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

foregoing options has been implemented. However, notwithstanding any other provision of this paragraph, all Confidential Discovery Materials shall remain subject to this Order. Notwithstanding the foregoing, Attorneys of Record may retain one copy of all pleadings containing Confidential Discovery Materials.

15.     This Order shall be without prejudice to the right of the parties or any third person to request additional protection under applicable laws for discovery requests hereafter by any party.

16.     This Order shall continue to be binding after the conclusion of this litigation except that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of this Order. The court shall retain jurisdiction to enforce or modify this Order.

IT IS SO ORDERED.

DATED: *May 6* , 2011

_____
Honorable Judge Consuelo B. Marshall

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107